1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  SYNRICO RODGERS,

               Plaintiff,

10

11      v.

12  R. LOPEZ, et al.,

13                 Defendants.

14

15

16  _____/

CASE NO.   1:11-CV-0630-MJS (PC)

ORDER FOR DISMISSAL OF CERTAIN OF PLAINTIFF'S CLAIMS AND DEFENDANTS

(ECF Nos. 13 and 14)

17  **I.     INTRODUCTION**

18       Plaintiff Synrico Rodgers is a state prisoner proceeding pro se and in forma pauperis

19  in this civil rights action filed March 25, 2011. (ECF No. 1.) Plaintiff has consented to

20  Magistrate jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 10.)

21       The Court screened Plaintiff's Complaint on January 31, 2012 and, finding certain

22  cognizable claims, ordered Plaintiff to notify the Court of his willingness to proceed only on

23  cognizable claims in the Complaint and  dismiss all other claims and Defendants, or file an

24  amended complaint. (ECF No. 13.)

25       Plaintiff notified the Court on February 9, 2012 of his willingness to proceed only on

26  the previously identified cognizable claims in the Complaint. (ECF No. 14.)

27       Accordingly, all claims in Plaintiff's Complaint except for his Eighth Amendment

28  inadequate medical care claim against Defendants Martin and Blattel should now be

1   dismissed.  All of the Defendants named in the Complaint except for Martin and Blattel
2   should also now be dismissed.

3   **II.   ANALYSIS**

4          The Court is required to screen complaints brought by prisoners seeking relief
5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6   § 1915(A)(a).  The Court must dismiss a complaint or portion thereof if the prisoner has
7   raised claims that are legally "frivolous or malicious," that fail to state a claim upon which
8   relief may be granted, or that seek monetary relief from a defendant who is immune from
9   such relief.  28 U.S.C. § 1915(A)(b)(1),(2).

10         The Court reviewed Plaintiff's Complaint pursuant to this statute and issued a
11  screening order on January 31, 2012. (ECF No. 13). In that order, the Court identified
12  certain cognizable claims. (Id.). The Court found the Eighth Amendment claim for
13  inadequate medical care to be cognizable against Defendants Martin and Blattel, but not
14  against Defendant Patterson. The balance of Plaintiff's claims for excessive force and false
15  reports were not cognizable. The Court noted that Plaintiff failed to allege facts sufficient
16  to personally link Defendants Lopez and Lambert to any violation of Plaintiff's rights.

17         Plaintiff was given the option of  proceeding only on his cognizable claims in the
18  Complaint with dismissal of all other claims and Defendants or filing an amended complaint.
19  Plaintiff has notified the Court of his willingness to proceed only on the previously identified
20  cognizable claims in the Complaint. Accordingly, Plaintiff's other claims and all other
21  Defendants should now be dismissed.

22  **III.   ORDER**

23         Based on the foregoing, it is HEREBY ORDERED that:

24  1.     All claims in Plaintiff's Complaint except his Eighth Amendment claim for
25         inadequate medical care be DISMISSED without prejudice;

26  2.     The following Defendants be DISMISSED from this action: R. Lopez; T.A.
27         Weber; R. Lambert; R.R. Lowden; R.S. Gaines; J. Cerda; J. Dunn; and B.
28         Patterson;

3.   Plaintiff be permitted to proceed on his Eighth Amendment claim against Defendants Martin and Blattel.

IT IS SO ORDERED.

Dated:   __March 14, 2012__          __/s/ _Michael J. Seng___

UNITED STATES MAGISTRATE JUDGE

-3-