UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNRICO RODGERS,<br><br>          Plaintiff,<br><br>    v.<br><br>R. LOPEZ, et al.,<br><br>          Defendants.<br>_____/ | CASE NO.   1:11-CV-0630-MJS (PC)<br><br>ORDER FOR DISMISSAL OF CERTAIN OF PLAINTIFF'S CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 13 and 14) |

**I.  INTRODUCTION**

Plaintiff Synrico Rodgers is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed March 25, 2011. (ECF No. 1.) Plaintiff has consented to Magistrate jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 10.)

The Court screened Plaintiff's Complaint on January 31, 2012 and, finding certain cognizable claims, ordered Plaintiff to notify the Court of his willingness to proceed only on cognizable claims in the Complaint and dismiss all other claims and Defendants, or file an amended complaint. (ECF No. 13.)

Plaintiff notified the Court on February 9, 2012 of his willingness to proceed only on the previously identified cognizable claims in the Complaint. (ECF No. 14.)

Accordingly, all claims in Plaintiff's Complaint except for his Eighth Amendment inadequate medical care claim against Defendants Martin and Blattel should now be

dismissed. All of the Defendants named in the Complaint except for Martin and Blattel should also now be dismissed.

## II. ANALYSIS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(A)(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1),(2).

The Court reviewed Plaintiff's Complaint pursuant to this statute and issued a screening order on January 31, 2012. (ECF No. 13). In that order, the Court identified certain cognizable claims. (Id.). The Court found the Eighth Amendment claim for inadequate medical care to be cognizable against Defendants Martin and Blattel, but not against Defendant Patterson. The balance of Plaintiff's claims for excessive force and false reports were not cognizable. The Court noted that Plaintiff failed to allege facts sufficient to personally link Defendants Lopez and Lambert to any violation of Plaintiff's rights.

Plaintiff was given the option of proceeding only on his cognizable claims in the Complaint with dismissal of all other claims and Defendants or filing an amended complaint. Plaintiff has notified the Court of his willingness to proceed only on the previously identified cognizable claims in the Complaint. Accordingly, Plaintiff's other claims and all other Defendants should now be dismissed.

## III. ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. All claims in Plaintiff's Complaint except his Eighth Amendment claim for inadequate medical care be DISMISSED without prejudice;

2. The following Defendants be DISMISSED from this action: R. Lopez; T.A. Weber; R. Lambert; R.R. Lowden; R.S. Gaines; J. Cerda; J. Dunn; and B. Patterson;

3. Plaintiff be permitted to proceed on his Eighth Amendment claim against Defendants Martin and Blattel.

IT IS SO ORDERED.

Dated:    March 14, 2012            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE