# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNRICO RODGERS, | CASE NO. 1:11-CV-00630-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF |
| v. | (ECF NO. 25) |
| R. LOPEZ, et al., | ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME |
| Defendants. | (ECF NO. 29) |
| | NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION TO DISMISS |

## I. PROCEDURAL HISTORY

Plaintiff Synrico Rodgers is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (Consent, ECF No. 5, 10.)

On Jun 15, 2012, Defendants filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b) on grounds of failure to exhaust administrative remedies. (Motion to Dismiss, ECF No. 24.)

On June 27, 2012, Plaintiff filed a motion seeking (I) weekly physical access to the Corcoran State Prison ("CSP") law library to work on this lawsuit and (ii) reassignment of Defendant Blattel out of Plaintiff's housing facility at CSP. (Motion for Miscellaneous Relief, ECF NO. 25.)

On July 13, 2012, Plaintiff filed a motion for extension of time to reply to Defendants'

Motion to Dismiss. (Motion for Extension of Time, ECF No. 29.)

The Motions for Miscellaneous Relief and Extension of Time are now before the Court.

**II.   ANALYSIS**

    **A.   Motion for Miscellaneous Relief**

The Court construes this Motion as one for injunctive relief.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. "Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution." Abraham v. Danberg, 322 Fed. Appx. 169, 170 (3d Cir. 2009) (citing Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [I]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff's Motion for Miscellaneous Relief alleges he is housed in the Security

Housing Unit (SHU) at CSP. He requests that the Court order unspecified individuals to provide him with weekly physical access to the law library to work on this lawsuit. He also requests that the Court order CSP staff to reassign Defendant Blattel out of Plaintiff's facility because Plaintiff feels his "life could be in grave danger while Mr. Blattel is working in the Control Booth with a 'mini-14 rifle'". (Motion for Miscellaneous Relief at 2.)

Plaintiff has failed to present any facts, argument or evidence addressing and satisfying the prerequisite elements to injunctive relief.

He has not addressed the likelihood of success on the merits of his action. He has failed to identify any imminent threat of irreparable harm if the requested relief is not granted. He provides no information as to current library access or why he needs more frequent access. The unexplained and unsubstantiated conjecture that Defendant Blattel's presence in the SHU might somehow place Plaintiff in danger is not sufficient to show imminent threat of irreparable harm. Plaintiff has not presented any information that might enable the Court to determine that the balance of equities tips in his favor, that the relief sought is in the public's interest, or that the relief sought is the least intrusive means necessary to prevent alleged irreparable harm.

Additionally, it appear Plaintiff's request for injunctive relief is moot. He has recently transferred from CSP to Kern Valley State Prison ("KVSP"). (Notice of Change of Address, ECF No. 27.) Where the prisoner is challenging conditions of confinement and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Nothing before the Court suggests an expectation of Plaintiff being transferred back to CSP.

Accordingly, Plaintiff has failed to satisfy the legal prerequisites for injunctive relief.

**B.      Motion for Extension of Time**

Plaintiff requests a thirty (30) day extension of time to respond to Defendants' Motion to Dismiss, necessitated by his recent transfer from CSP to KVSP.

The Court finds that Plaintiff's request is supported by good cause. See Fed. R. Civ. P. 4(b); Local Rules 144, 230.

## III.     NOTICE AND WARNING

Pursuant to Woods v. Carey, Nos. 09-15548, 09-16113, 2012 WL 2626912 (9th Cir. Jul. 6, 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court hereby notifies Plaintiff of the following rights and requirements for opposing the Motion to Dismiss:

1.      Unless otherwise ordered, all motions to dismiss shall be briefed pursuant to Local Rule 230(l).

2.      Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion to dismiss. Local Rule 230(l). <u>If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute.</u> Generally the opposition or statement of non-opposition must be filed not more than twenty-one (21) days after the date of service of the motion. Id.

3.      Defendants have filed a motion to dismiss for failure to exhaust the administrative remedies as to one or more claims in the Complaint. The failure to exhaust the administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988)). In deciding a motion to dismiss for failure to exhaust, the Court will look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20 (quoting Ritza, 837 F.2d at 368). If the Court concludes that Plaintiff has not exhausted the administrative remedies, the unexhausted claims must be dismissed and the Court will grant the motion to dismiss. Wyatt, 315 F.3d at 1120. If all of the claims are unexhausted, the case will be dismissed, which means Plaintiff's case is over. If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be

dismissed and the case will proceed forward only on the exhausted claims. Jones v. Bock, 549 U.S. 199, 219-224, 127 S. Ct. 910, 923-26 (2007). A dismissal for failure to exhaust is without prejudice. Wyatt, 315 F.3d at 1120.

If responding to Defendants' unenumerated 12(b) motion to dismiss for failure to exhaust the administrative remedies, Plaintiff may not simply rely on allegations in the complaint. Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies. See Fed. R. Civ. P. 43(c); Ritza, 837 F.2d at 369. If Plaintiff does not submit his own evidence in opposition, the Court may conclude that Plaintiff has not exhausted the administrative remedies and the case will be dismissed in whole or in part.

4.      Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

5.      The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

## IV.    CONCLUSIONS AND ORDER

Plaintiff has failed to satisfy the legal prerequisites for injunctive relief. He has provided good cause in support of an extension of time to respond to Defendants' Motion to Dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's Motion for Miscellaneous Relief is DENIED.
2.   Plaintiff's Motion for an Extension of Time is GRANTED such that his response to Defendants' Motion to Dismiss is due within 30 days from service of this Order.

IT IS SO ORDERED.

Dated:   July 19, 2012           /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE