UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNRICO RODGERS,<br><br>             Plaintiff,<br><br>     v.<br><br>R. LOPEZ, et al.,<br><br>             Defendants.<br>_____/ | CASE NO.   1:11-cv-00630-MJS (PC)<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS ACTION WITHOUT<br>PREJUDICE FOR FAILURE TO EXHAUST<br>ADMINISTRATIVE REMEDIES<br><br>(ECF No. 24) |

I.    **PROCEDURAL HISTORY**

Plaintiff Synrico Rodgers is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff and Defendants Martin and Battel have consented to Magistrate Judge jurisdiction. (ECF Nos. 5, 10 & 35.)

Plaintiff began this action by filing his Complaint on March 25, 2011. (ECF No. 1.) On January 31, 2012, the Court screened Plaintiff's Complaint and, finding a cognizable claim against Defendants Martin and Blattel for the violation of Plaintiff's Eighth Amendment right to adequate medical care,  ordered Plaintiff to either file an amended pleading or notify the Court of his intention to proceed on his cognizable claim. (ECF No. 13.) On February 9, 2012, Plaintiff notified the Court of his intention to proceed on his cognizable Eighth Amendment medical care claim against Defendants

Battel and Martin. (ECF No. 14.)

On June 15, 2012, Defendants Battel and Martin filed a motion to dismiss on the ground that Plaintiff had failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). (ECF No. 24.) On July 20, 2012, pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court notified Plaintiff of his rights, obligations and methods for opposing the motion and gave him an opportunity to file opposition by not later than August 23, 2012. (ECF No. 30.) Plaintiff filed an opposition to the motion to dismiss on July 30, 2012. (ECF No. 31.) Defendants Battel and Martin filed a reply on August 6, 2012. (ECF No. 32.) On August 27, 2012, Plaintiff lodged purported supplemental opposition to the motion to dismiss.[1] (ECF No. 33.) The motion to dismiss is now ready for ruling.

## II.     LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints, and at the time of the events in

---

[1] Plaintiff filed the Supplement to Opposition without leave of the Court. Nevertheless, the Court has considered the supplemental opposition in deciding this motion.

question, the process was initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a) (2010). During the relevant time period, four levels of appeal were involved, including the informal level, First Formal Level, Second Formal Level, and Third Formal Level, the latter also known as the "Director's Level". Id. at §§ 3084.5, 3084.6(c).[2] To properly exhaust the administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) does not impose a pleading requirement, but rather is an affirmative defense under which defendants have the burden of proving the plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court. Jones, 549 U.S. at 216. A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Fed. R. Civ. P 12(b). Wyatt, 315 F.3d at 1119; Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998). In determining whether a case should be dismissed for failure to exhaust the administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

The Ninth Circuit has held that the standards established in Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002), are appropriately applied to ascertain whether prisoner grievances/appeals are sufficient to notify prison personnel of a problem for exhaustion purposes. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009.) "[I]f prison regulations do not prescribe any particular content for inmate grievances, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice

---

[2] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendants' motion.

pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming.'" Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004), quoting Strong, 297 F.3d at 650. In addition, where a prison's appeal process does not specifically require a prisoner to identify offending prison staff in an inmate grievance/appeal, the failure to do so will not be seen as a per se failure to exhaust a claim against a defendant who was not named in the prison grievance/appeal process. Jones, 549 U.S. at 200-201. However, the grievance must "provide enough information . . . to allow prison officials to take appropriate responsive measures." Griffin, 557 F.3d at 1121.

### III.  ANALYSIS

#### A.  Plaintiff's Claim

Plaintiff's inadequate medical care claim arises out of a November 29, 2010 incident in which Defendants Martin and Blattel allegedly failed to provide for decontamination following application of pepper spray. Compl. at 3. He seeks demotion or termination of the Defendants and monetary damages. (Id.)

#### B.  Plaintiff's Inmate Appeals and Analysis

Plaintiff's March 25, 2011 Complaint reflects that he filed two appeals in this matter, CSPC-6-10-03314 and CSPC-6-10-02859, and that neither appeal had been completed at the Third Level when the Complaint was filed. Compl. at 2. Appeal CSPC-6-10-02859 was decided at the Third (Director's) Level on April 29, 2011; Appeal CSPC-6-10-03314 was decided at the Third (Director's) Level on May 18, 2011. Lozano Decl. In Supp., ECF No. 24-1 at ¶ 6. A review of the appeals reveals that CSPC-6-10-02859 actually relates to an incident on October 5, 2010, several weeks before the November 29, 2010 incident complained of in this lawsuit. Id. at.¶ 7. Appeal CSPC-6-10-03314 relates to the incident that is the subject of this litigation.

Plaintiff argues he signed off on the Third Level appeal CSPC-6-10-03314 prior to filing his Complaint; there was no mention in the appeal documents that he must exhaust his appeal prior to filing his Complaint; and that therefore he has exhausted his

-4-

administrative remedies. Answer to Def. Mot. to Dismiss, ECF No. 31 at 1. Plaintiff is mistaken. He does not contest or controvert Defendants' showing that he did not satisfy the exhaustion requirements for the claim he pursues here. The Second Level Appeal Decision expressly advised Plaintiff that:

> "[Y]ou must submit your staff complaint appeal through all levels of appeal up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review; your administrative remedies will be considered exhausted."

Answer to Def. Mot. to Dismiss at 9. Plaintiff further argues that the Court's finding of a cognizable claim should preclude any subsequent finding of failure to exhaust administrative remedies. Supplement to Opposition, ECF No. 33 at 1. However, exhaustion is not a jurisdictional requirement for bringing an action. See Rumbles v. Hill, 182 F.3d 1064, 1067-68 (9th Cir. 1999), overruled on other grounds by Booth, 532 U.S. at 731. Failure to exhaust is an affirmative defense which defendants must raise and prove. See Jones, 549 U.S. at 211-217; Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("lack of exhaustion must be asserted as a defense"); Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005); Wyatt, 315 F.3d at 1117-19. An affirmative defense for failure to exhaust can be raised through an unenumerated Rule 12(b) motion, and can therefore rely on evidence outside the record. See Brown, 422 F.3d at 939 n.13; Wyatt, 315 F.3d at 1119-20.

    Defendants have satisfied their burden of demonstrating that Plaintiff failed to exhaust administrative remedies. Plaintiff did not exhaust his applicable appeal CSPC-6-10-03314 at the Third (Director's) Level prior to commencing this action. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (requiring dismissal without prejudice where a prisoner "d[oes] not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed.") Defendants' motion to dismiss should be granted in its entirety and this action should be dismissed without prejudice.

## IV. **CONCLUSION AND ORDER**

Based on the foregoing, the Court HEREBY ORDERS that the motion to dismiss of Defendants Battel and Martin (ECF No. 24) be granted and that this action be DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: September 24, 2012          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE