1

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT

8                       EASTERN DISTRICT OF CALIFORNIA

9

SYNRICO RODGERS,                         CASE NO.    1:11-cv-00630-MJS (PC)

10
                         Plaintiff,       ORDER GRANTING DEFENDANTS'
11                                        MOTION TO DISMISS ACTION WITHOUT
                                          PREJUDICE FOR FAILURE TO EXHAUST
12       v.                               ADMINISTRATIVE REMEDIES

13                                        (ECF No. 24)
R. LOPEZ, et al.,
14
                         Defendants.
15
_____/
16

17   **I.      PROCEDURAL HISTORY**

18          Plaintiff Synrico Rodgers is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff and Defendants

20   Martin and Battel have consented to Magistrate Judge jurisdiction. (ECF Nos. 5, 10 &

21   35.)

22          Plaintiff began this action by filing his Complaint on March 25, 2011. (ECF No.

23   1.) On January 31, 2012, the Court screened Plaintiff's Complaint and, finding a

24   cognizable claim against Defendants Martin and Blattel for the violation of Plaintiff's

25   Eighth Amendment right to adequate medical care,  ordered Plaintiff to either file an

26   amended pleading or notify the Court of his intention to proceed on his cognizable

27   claim. (ECF No. 13.) On February 9, 2012, Plaintiff notified the Court of his intention to

28   proceed on his cognizable Eighth Amendment medical care claim against Defendants

1  Battel and Martin. (ECF No. 14.)

2       On June 15, 2012, Defendants Battel and Martin filed a motion to dismiss on the

3  ground that Plaintiff had failed to exhaust his administrative remedies pursuant to 42

4  U.S.C. § 1997e(a). (ECF No. 24.) On July 20, 2012, pursuant to Woods v. Carey, 684

5  F.3d 934 (9th Cir. 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the

6  Court notified Plaintiff of his rights, obligations and methods for opposing the motion

7  and gave him an opportunity to file opposition by not later than August 23, 2012. (ECF

8  No. 30.) Plaintiff filed an opposition to the motion to dismiss on July 30, 2012. (ECF No.

9  31.) Defendants Battel and Martin filed a reply on August 6, 2012. (ECF No. 32.) On

10  August 27, 2012, Plaintiff lodged purported supplemental opposition to the motion to

11  dismiss.[1] (ECF No. 33.) The motion to dismiss is now ready for ruling.

12  **II.      LEGAL STANDARD**

13       The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought

14  with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

15  a prisoner confined in any jail, prison, or other correctional facility until such

16  administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

17  Therefore, prisoners are required to exhaust all available administrative remedies prior

18  to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that

19  "the PLRA's exhaustion requirement applies to all inmate suits about prison life,

20  whether they involve general circumstances or particular episodes, and whether they

21  allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532

22  (2002). Further, the exhaustion of remedies is required, regardless of the relief sought

23  by the prisoner, as long as the administrative process can provide some sort of relief on

24  the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

25       The California Department of Corrections and Rehabilitation has an

26  administrative grievance system for prisoner complaints, and at the time of the events in

27

28       [1] Plaintiff filed the Supplement to Opposition without leave of the Court.  Nevertheless, the Court has considered the supplemental opposition in deciding this motion.

1  question, the process was initiated by submitting a CDCR Form 602. Cal. Code Regs.,

2  tit. 15, §§ 3084.1, 3084.2(a) (2010). During the relevant time period, four levels of

3  appeal were involved, including the informal level, First Formal Level, Second Formal

4  Level, and Third Formal Level, the latter also known as the "Director's Level". Id. at §§

5  3084.5, 3084.6(c).[2] To properly exhaust the administrative remedies, a prisoner must

6  comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548

7  U.S. 81, 93 (2006).

8       The exhaustion requirement of § 1997e(a) does not impose a pleading

9  requirement, but rather is an affirmative defense under which defendants have the

10  burden of proving the plaintiff failed to exhaust the available administrative remedies

11  before filing a complaint in the District Court. Jones, 549 U.S. at 216. A motion raising a

12  prisoner's failure to exhaust the administrative remedies is properly asserted by way of

13  an unenumerated motion under Fed. R. Civ. P 12(b). Wyatt, 315 F.3d at 1119; Ritza v.

14  Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998). In

15  determining whether a case should be dismissed for failure to exhaust the

16  administrative remedies, "the court may look beyond the pleadings and decide disputed

17  issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at

18  1119–20. When the court concludes the prisoner has not exhausted all of his available

19  administrative remedies, "the proper remedy is dismissal without prejudice." Id.

20       The Ninth Circuit has held that the standards established in Strong v. David, 297

21  F.3d 646, 650 (7th Cir. 2002), are appropriately applied to ascertain whether prisoner

22  grievances/appeals are sufficient to notify prison personnel of a problem for exhaustion

23  purposes. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009.) "[I]f prison regulations

24  do not prescribe any particular content for inmate grievances, 'a grievance suffices if it

25  alerts the prison to the nature of the wrong for which redress is sought. As in a notice

26

27       [2] Emergency changes to the regulations became effective on January 28, 2011.  The changes

28  occurred after the events at issue here and are therefore irrelevant to the resolution of Defendants'
motion.

1  pleading system, the grievant need not lay out the facts, articulate legal theories, or

2  demand particular relief. All the grievance need do is object intelligibly to some asserted

3  shortcoming.'" Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004), quoting Strong,

4  297 F.3d at 650. In addition, where a prison's appeal process does not specifically

5  require a prisoner to identify offending prison staff in an inmate grievance/appeal, the

6  failure to do so will not be seen as a per se failure to exhaust a claim against a

7  defendant who was not named in the prison grievance/appeal process. Jones, 549 U.S.

8  at 200-201. However, the grievance must "provide enough information . . . to allow

9  prison officials to take appropriate responsive measures." Griffin, 557 F.3d at 1121.

10  **III.    ANALYSIS**

11      **A.    Plaintiff's Claim**

12      Plaintiff's inadequate medical care claim arises out of a November 29, 2010

13  incident in which Defendants Martin and Blattel allegedly failed to provide for

14  decontamination following application of pepper spray. Compl. at 3. He seeks demotion

15  or termination of the Defendants and monetary damages. (Id.)

16      **B.    Plaintiff's Inmate Appeals and Analysis**

17      Plaintiff's March 25, 2011 Complaint reflects that he filed two appeals in this

18  matter, CSPC-6-10-03314 and CSPC-6-10-02859, and that neither appeal had been

19  completed at the Third Level when the Complaint was filed. Compl. at 2. Appeal

20  CSPC-6-10-02859 was decided at the Third (Director's) Level on April 29, 2011; Appeal

21  CSPC-6-10-03314 was decided at the Third (Director's) Level on May 18, 2011. Lozano

22  Decl. In Supp., ECF No. 24-1 at ¶ 6. A review of the appeals reveals that

23  CSPC-6-10-02859 actually relates to an incident on October 5, 2010, several weeks

24  before the November 29, 2010 incident complained of in this lawsuit. Id. at.¶ 7. Appeal

25  CSPC-6-10-03314 relates to the incident that is the subject of this litigation.

26      Plaintiff argues he signed off on the Third Level appeal CSPC-6-10-03314 prior

27  to filing his Complaint; there was no mention in the appeal documents that he must

28  exhaust his appeal prior to filing his Complaint; and that therefore he has exhausted his

-4-

1   administrative remedies. Answer to Def. Mot. to Dismiss, ECF No. 31 at 1. Plaintiff is

2   mistaken. He does not contest or controvert Defendants' showing that he did not satisfy

3   the exhaustion requirements for the claim he pursues here. The Second Level Appeal

4   Decision expressly advised Plaintiff that:

5           "[Y]ou must submit your staff complaint appeal through all levels of appeal up to,

6           and including, the Director's Level of Review. Once a decision has been

7           rendered at the Director's Level of Review; your administrative remedies will be

8           considered exhausted."

9   Answer to Def. Mot. to Dismiss at 9. Plaintiff further argues that the Court's finding of a

10  cognizable claim should preclude any subsequent finding of failure to exhaust

11  administrative remedies. Supplement to Opposition, ECF No. 33 at 1. However,

12  exhaustion is not a jurisdictional requirement for bringing an action. See Rumbles v.

13  Hill, 182 F.3d 1064, 1067-68 (9th Cir. 1999), overruled on other grounds by Booth, 532

14  U.S. at 731. Failure to exhaust is an affirmative defense which defendants must raise

15  and prove. See Jones, 549 U.S. at 211-217; Nunez v. Duncan, 591 F.3d 1217, 1224

16  (9th Cir. 2010) ("lack of exhaustion must be asserted as a defense"); Brown v. Valoff,

17  422 F.3d 926, 936-37 (9th Cir. 2005); Wyatt, 315 F.3d at 1117-19. An affirmative

18  defense for failure to exhaust can be raised through an unenumerated Rule 12(b)

19  motion, and can therefore rely on evidence outside the record. See Brown, 422 F.3d at

20  939 n.13; Wyatt, 315 F.3d at 1119-20.

21          Defendants have satisfied their burden of demonstrating that Plaintiff failed to

22  exhaust administrative remedies. Plaintiff did not exhaust his applicable appeal

23  CSPC-6-10-03314 at the Third (Director's) Level prior to commencing this action. See

24  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (requiring dismissal without

25  prejudice where a prisoner "d[oes] not exhaust his administrative remedies prior to filing

26  suit but is in the process of doing so when a motion to dismiss is filed.") Defendants'

27  motion to dismiss should be granted in its entirety and this action should be dismissed

28  without prejudice.

1  **IV.    CONCLUSION AND ORDER**

2          Based on the foregoing, the Court HEREBY ORDERS that the motion to dismiss

3  of Defendants Battel and Martin (ECF No. 24) be granted and that this action be

4  DISMISSED without prejudice.

5

6

7  IT IS SO ORDERED.

8  Dated:    September 24, 2012         /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28