# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNRICO RODGERS,<br><br>            Plaintiff,<br><br>    v.<br><br>R. LOPEZ, et al.,<br><br>            Defendants. | CASE No. 1:11-cv-00630-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CONFERENCE HEARING FOR SETTLEMENT<br><br>(ECF No. 39) |

## I. PROCEDURAL HISTORY

Plaintiff Synrico Rodgers, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on March 25, 2011 pursuant to 42 U.S.C. § 1983. The Court identified cognizable claims in the Plaintiff's Complaint against Defendants Martin and Blattel for violation of Plaintiff's Eighth Amendment rights to adequate medical care. (ECF No. 16.) On September 25, 2012, the Court issued its order granting Defendants' motion to dismiss this action without prejudice for failure to exhaust administrative remedies (ECF No. 37) and entered judgment thereon. (ECF No. 38.)

On October 4, 2012, Plaintiff filed a motion for conference hearing for settlement (ECF No. 39) which is now before the Court.

## II.     ANALYSIS

Plaintiff's motion, which the Court construes as a request for reconsideration of its September 25, 2012 order dismissing action and judgment thereon, is denied.

Rule 60(b)(6) allows the Court to relieve a party from an order or judgment for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . . " of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff fails to identify any new or different facts or circumstances which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion.

Plaintiff provides no good cause for the relief he seeks. He has shown no basis for granting a motion for reconsideration.

## III.     CONCLUSION AND ORDER

Plaintiff has not met his burden as a party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

1     Accordingly, for the foregoing reasons, it is hereby ordered that Plaintiff's motion requesting for a conference hearing for settlement (ECF No. 39), construed as a motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:    October 5, 2012            /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE